Joseph J. Mainiero, Esq. JJM-0344
305 Broadway, Suite 500
New York NY 10007
Tel. (212) 267-6611
Fax. (212) 227-9692
Attorney for Plaintiff/Judgment Creditor
Julian H. Lowenfeld

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————X
                                               :
JULIAN H. LOWENFELD                            :
                                               :
                        Plaintiff              :
                                               :         **COMPLAINT**
                                               :
ARGUMENTY I FAKTY,                             :    **IN AN ACTION TO ENFORCE A**
KOMSOMOLSKAYA  PRAVDA,                          :    **PRIOR JUDGMENT OF THIS COURT**
MEDIA EXPRESS LTD.                             :
EFFECT PUBLISHING, INC.,                       :
LORAFCO, INC.                                  :
                        Defendants,   :
——————————————————————X

JULIAN H. LOWENFELD, by his attorney, Joseph J. Mainiero,  for his complaint states:

### JURISDICTION AND VENUE

1.      This is a proceeding to enforce a previously entered judgment of this court in Itar-Tass

Russian News Agency et al. v. Russian Kurier, Inc. et al.  (95 Civ. 2144) (JGK) (NRB) obtained in

the Southern District of New York by Julian Lowenfeld against his former clients, the Russian

newspapers  Argumenty I Fakty and Komsomolskaya Pravda.  A copy of said judgment is attached

as Exhibit 1 hereto , and also as Exhibit 1 to the Declaration of Julian Lowenfeld.

2.      This court has supplementary jurisidction to enforce its own prior judment herein pursuant

to 28 U.S.C.§ 1367 (a).

1

3.      Venue is appropriate with this Court pursuant to 28 U.S.C.§ 1391(b)., for two reasons, the first being that a substantial part of the events giving rise to the claim occurred here, and second being that the parties to the related action which gave rise to this claim continue to do business here.

**PARTIES**

4.      Plaintiff Julian H. Lowenfeld resides and does business in the Southern District of New York . He resides at 350 Central Park West, #13-C, New York, NY 10025.

5.      Defendant Argumenty I Fakty was a plaintiff in the original action in this case against Russian Kurier, Inc. and one of the parties against whom Lowenfeld obtained his judgment. Defendant Argumenty I Fakty is located at 42 Myasnitskaya Street, Moscow 101000 Russia..

6.      Defendant Argumenty I Fakty has the largest circulation of any Russian-language newspaper in the world. A copy of the Russian edition of Defendant Argumenty I Fakty is attached as Exhibit 5 to the Declaration of Julian Lowenfeld. According to its own masthead, Argument I Fakty's weekly circulation is 2, 997, 800 copies.

7.      Defendant Effect Publishing, Inc. publishes the so-called "Argumenty I Fakty International Edition". Effect Publishing, Inc.'s offices  located at 501 5th Ave., Ste. 1612, New York NY 10017.

8.      A copy of the so-called "International Edition" of Defendant Argumenty i Fakty  is attached as Exhibit 6 to the Declaration of Julian H. Lowenfeld in support of this action.

9.      According to the masthead of the so-called "International Edition" of Defendant Argumenty i Fakty, the weekly circulation of the "international edition" of Argumenty I Fakty is 101,000 copies.

10.     According to the masthead of the -called "International Edition" of Defendant Argumenty i Fakty, the "telephone number of Argumenty I Fakty in the USA" is (212) 557-1321.

11.     (212) 557-1321 is the listing for the telephone number of Effect Publishing and Advertising, Inc., located at 501 Fifth Avenue, New York NY 10017.

12.    The website of Argumenty I Fakty lists and permits subscribers to subscribe to the "Argumenty I Fakty International Edition."

13.    Page 15 of Issue Number 6, February 2006 of the "Argumenty I Fakty International Edition" contained an advertisement in the lower left hand corner, prominently featuring the Argumenty I Fakty logo and trademark.. Said advertisement reads: "Argumenty I Fakty, Argumenty I Fakty International Edition, a family of newspapers for the whole family.  The most popular Russian weekly is published simultaneously in Moscow and New York.  The AIF International Edition includes the supplements AIF Health, I am Young, Daughters and Mothers, AiF –Love, etc.  To subscribe, cut out the coupon and send it in to the address: Effect Publishing, Inc. 501 Fifth Avenue, Suite 1612, New York NY 10017."

14.    The telephone number given for those who wish to subscribe to "Argumenty I Fakty" (sic) is the same number, namely  (212) 557-1321.

15.    The coupon to the right of this advertisement on page 15 of the International Edition of Argumenty I Fakty states in English: "Yes I want to subscribe to Argumenty I Fakty –USA now" and instructs the would-be subscriber to send a money order to Effect Publishing.

16.    Effect Publishing also accepts money for advertisement in Argumenty I Fakty.

17.    Except for local advertising and occasional omissions in the New York edition of certain articles of local interest published in the Moscow edition, the contents of the Moscow and New York editions are virtually identical: same text, same typeface, photography, formatting, etc.

18.    Defendant Komsomolskaya Pravda has its headquarters at Ulitsa Pravdy, 24, Moscow 125993, Russia.

19.     A copy of the Moscow edition of Defendant Komsomolskaya Pravda is attached as Exhibit 9 to the Declaration of Julian Lowenfeld.  According to its masthead, Defendant Komsomolskaya Pravda has a circulation of 3,100, 000.

20.     Defendant Komsomolskaya Pravda publishes an American edition, a copy of which is attached as Exhibit 10 to the Declaration of Julian Lowenfeld.  The publisher of the American edition is listed as Lorafco, Inc.

21.     The officially listed address of Defendant Lorafco, Inc. is P.O. Box 851, South Salem, NY 10590.  However, in the masthead of the newspaper "Komsomolskaya Pravda in America" Lorafco.'s address is given as 18-13 Kings Highway, Brooklyn NY 11229.

22.     Defendant Lorafco, Inc. lists itself openly and publicly as "Komsomolskaya Pravda in America" and has sold advertising for Komsomolskaya Pravda in this jurisdiction, as shown by Exh. 11 to the Declaration of Julian Lowenfeld.

23.     Defendant Media Express Ltd. is a corporation, located (on information and belief) in St. Helier, Jersey, Channel Islands, and banking with a Russian Bank (Promsvyazbank) in Cyprus through Deutsche Bank Trust Company Americas, here in New York, New York.

24.     Defendant Argumenty I Fakty has issued payment instructions listing Defendant Media Express Ltd. is its "beneficiary" for payments of advertisements and subscriptions.

25.     Copies of such payment instructions by Argumenty I Fakty for Media Express International are attached as Exhibit 3 to the Declaration of Julian Lowenfeld.

**AND AS A FIRST CAUSE OF ACTION**

26.     Judgment creditors Argumenty I Fakty and Komsolskaya Pravda are jointly and severally justly indebted to Lowenfeld in the amount of $434,840.67 (plus compound interest at the statutory

4

rate of 9% per annum since the date of judgment, October 5, 1999. Factoring in statutory interest, as of March 5, 2006, the judgment amount equals $681,961.15).

27.     No portion of said judgment has been satisfied as of this time.

28.     Several days before the entry of the judgment, Defendant Argumenty I Fakty closed its New York account in the Bank of New York and wired approximately $2,000,000 from that account to an offshore account.   Said transfer of assets was presumptively fraudulent.

29.     The trademark "Argumenty I Fakty" is an asset of Defendant "Argumenty I Fakty.

30.     The trademark "Komsomolskaya Pravda" is an asset of judgment creditor Komsomolskaya Pravda.

31.     Like any other forms of property, the trademarks "Argumenty I Fakty" and "Komsomolskaya Pravda" are assets subject to being attached by a judgment creditor in satisfaction of a money judgment.

32.     This court has the authority to order the attachment of said trademarks, and/or the divesting of said trademarks from ther judgment debtors to Lowenfeld in satisfaction of his judgment.

**AND AS A SECOND CAUSE OF ACTION**


33.     Defendant Argumenty I Fakty is a Judgment Debtor of Julian Lowenfeld.

34.     Defendant Effect Publishing, Inc. was served with a restraining notice with respect to this judgment on October 24, 2000. A copy of this restraining notice is attached as Exhibit 8 to the Declaration of Julian Lowenfeld.

35.     Defendant Media Express Limited is the payment beneficiary and alter ego of Defendant Argumenty I Fakty.

36      The trademark "Argumenty I Fakty" and the copyrighted material used in the newspaper are valuable assets that effectively belong to judgment debtor Argumenty I Fakty or its alter ego Media Express International

37.     Said assets cannot be used without license.   It is plain from glancing at the "Argumenty I Fakty International edition" that Effect Publishing, Inc. is indeed publishing with license from judgment debtor Argumenty I Fakty.

38.     Since being served with the restraining notice, Effect Publishing has, by paying Media Express Ltd. for its license, evaded the judgment against judgment debtor Argumenty I Fakty (and used the vehicle of Media Express Limited as a means to pay Argumenty I Fakty for the license to use the trademark of Argumenty I Fakty and the copyrighted material of Argumenty I Fakty in order to publish the "Argumenty I Fakty International Edition."

39.     In  wilfully paying an alter ego of Argumenty I Fakty for the license to use Argumenty I Fakty's trademark and copyrighted materials, Effect Publishing is in deliberate violation of the restraining notice served upon it by Julian Lowenfeld and therefore is in contempt of court.

40.     Effect Publishing is actually what it purports to be in its own publication, namely "Argumenty I Fakty in America") in effect, an alter ego of judgment creditor Argumenty I Fakty.

41.     Therefore, the corporate veil of Effect Publishing, Inc.may be pierced and its assets attached in satisfaction of the judgment against Argumenty I Fakty.

42.     The flagrant previous behavior of the judgment debtors and of Effect Publishing makes it clearly appear that a provisional remedy such as a temporary restraining order is needed to prevent further massive fraudulent transfer of assets or other fraudulent transactions in order to frustrate collection of the judgment.  Thus, in order to counter the irreparable harm that might result from

proceeding on this motion in the normal way with notice, the provisional remedy of a temporary

restraining order is available pursuant to Fed. R. Civ. P. 65 (b) and New York CPLR 6201,

43.     While attachment is avialable as a remedy to enforce this judgment, another provisional

remedy pursuant to Fed. R. Civ. P. 65(b) is that this Court may appoint a receiver pursuant to New

York CPLR 6401 and Fed. R. Civ. P. 66, to enable Effect Publishing to continue with legitimate

operations in the ordinary course of business (if any), while preventing it from removing or

transferring assets in order to frustrate the judgment pending the outcome of the action to pierce

Effect Publishing's corporate veil and/or recover judgment debtor assets held by Effect Publishing.


**AND AS A THIRD CAUSE OF ACTION**


44.     Komsomolskaya Pravda is a judgment debtor.

45.     According to its own description, Lorafco, Inc. is "Komsomolskaya Pravda in America."

46.     This description is an accurate statement of fact.

47.     Lorafco, Inc. publishes "Komsomolskaya Pravda in America" a publication substantially

similar to, if not identical to Komsomolskaya Pravda. Except for local advertising and various

omissions in the New York edition of certain articles of local interest published in the Moscow

edition, the contents of the Moscow and New York editions of Komsomolskaya Pravda are virtually

identical: same text, same typeface, photography, formatting, etc.

48.     Lorafco, Inc. has accepted money for advertising in Defendant "Komsomolskaya Pravda".

49.     Proof that Lorafco accepts money on behalf of Defendant Komsomolskaya Pravda is

attached as Exhibit 11 to the Declaration of Julian Lowenfeld.

50.     Lorafco, Inc  is the alter ego in this juridiction of judgment debtor Komsomolskaya Pravda, such that its corporate veil may be pierced and its assets attached in satisfaction of the judgment against Komsomolskaya Pravda.

51.     The flagrant previous behavior of the judgment debtors makes it clearly appear that a provisional remedy such as a temporary restraining order is needed to prevent further massive fraudulent transfer of assets or other fraudulent transactions in order to frustrate collection of the judgment.  Thus, in order to counter the irreparable harm that might result from proceeding on this motion in the normal way with notice, the provisional remedy of a temporary restraining order is available pursuant to Fed. R. Civ. P. 65 (b) and New York CPLR 6201.

52.     While attachment is an avialable remedy pursuant to CPLR 6201, a fair and proper provisional remedy pursuant to Fed. R. Civ. P. 65(b) is that this Court may appoint a receiver pursuant to New York CPLR 6401 and Fed. R. Civ. P. 66, to enable Lorafco to continue with legitimate operations in the ordinary course of business, while preventing it from removing or transferring assets in order to frustrate the judgment pending the outcome of the action to pierce Lorafco's corporate veil and/or recover judgment debtor assets held by Lorafco.

53.     If Media Express Ltd. is given prior notice of this action, it will, if true to past form, close its account and remove funds from the jurisdiction in order to frustrate the collection of the judgment.. Accordingly, in order to prevent irreparable harm, the account of Defendant Media Express International, Ltd. in Deutsche Bank Trust Company, should be attached by an ex parte  temporary restraining order pursuant to Fed. R. Civ P. 65 (b).

## CONCLUSION

Upon the pleadings, motion by order to show cause, the declaration of judgment creditor Julian H. Lowenfeld, and the exhibits thereto, plaintiff Julian Lowenfeld hereby moves this Court to

(a) award the trademarks of Defendant Argumenty I Fakty  and Defendant Komsomolskaya Pravda to Plaintiff Julian Lowenfeld pending full satisfaction of the judgment.

(b) enjoin the defendants from transferring assets out of the jurisdiction and attach said assets pursuant to New York CPLR 6201.

(c) appoint a receiver to administer the assets of Defendant Effect Publishing, Inc.. during the pendency of this litigation.

(d) rule that Defendant Effect Publishing, Inc. is the alter ego in this jurisdiction of Defendant and judgment debtor Argumenty I Fakty, and sequester its assets accordingly.

(e) appoint a receiver to administer the assets of Defendant Lorafco, Inc., during the pendency of this litigation.

(f)   to rule that Defendant Lorafco, Inc. ("Komsomolskaya Pravda in America") is the alter ego of Defendant judgment debtor Komsomolskaya Pravda and sequester its assets accordingly.

(g)  to rule that Defendant Media Express Ltd. is the alter ego of Argumenty I Fakty and attach and sequester its assets in the jurisdiction.

(h) to award Plaintiff Julian Lowenfeld his costs and attorneys fees in enforcement of his judgment, and

(i) grant any other such remedies as this Court believes are in the interests of justice.

Respectfully submitted,                                        February 28, 2006
                                                                New York, NY

_____
Joseph J. Mainiero, Esq. JJM-0344
305 Broadway, Suite 500
New York NY 10007
Tel. (212) 267-6611
Fax. (212) 227-9692
Attorney for Judgment Creditor
Julian H. Lowenfeld

(a) award the trademarks of Defendant Argumenty I Fakty and Defendant Komsomolskaya Pravda to Plaintiff Julian Lowenfeld pending full satisfaction of the judgment.

(b) enjoin the defendants from transferring assets out of the jurisdiction and attach said assets pursuant to New York CPLR 6201.

(c) appoint a receiver to administer the assets of Defendant Effect Publishing, Inc.. during the pendency of this litigation.

(d) rule that Defendant Effect Publishing, Inc. is the alter ego in this jurisdiction of Defendant and judgment debtor Argumenty I Fakty, and sequester its assets accordingly.

(e) appoint a receiver to administer the assets of Defendant Lorafco, Inc., during the pendency of this litigation.

(f)  to rule that Defendant Lorafco, Inc. ("Komsomolskaya Pravda in America") is the alter ego of Defendant judgment debtor Komsomolskaya Pravda and sequester its assets accordingly.

(g)  to rule that Defendant Media Express Ltd. is the alter ego of Argumenty I Fakty and attach and sequester its assets in the jurisdiction.

(h) to award Plaintiff Julian Lowenfeld his costs and attorneys fees in enforcement of his judgment, and

(i) grant any other such remedies as this Court believes are in the interests of justice.

Respectfully submitted,                                        February 28, 2006
                                                               New York, NY

Joseph J. Mainiero, Esq. JJM-0344
305 Broadway, Suite 500
New York NY 10007
Tel. (212) 267-6611
Fax. (212) 227-9692
Attorney for Judgment Creditor
Julian H. Lowenfeld

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ITAR-TASS RUSSIAN NEWS AGENCY,
ITAR-TASS USA, INC., ARGUMENTY I FAKTY,
A/K/A ARGUMENTS AND FACTS, MOSKOVSKIYE NOVOSTI,
KOMSOMOLSKAYA PRAVDA, EXPRESS GAZETA
FROMER & ASSOCIATES,INC.,
NEZAVISIMAYA GAZETA, THE
UNION OF JOURNALISTS OF RUSSIA,
EKHO PLANETY, MEGAPOLIS EXPRESS,
HESLIN TRADING LTD., DBA
BALAGAN ISRAELI COMIC MAGAZINE,
MOSKOVSKY KOMSOMOLETS, AND AR
PUBLISHING CO., INC.

       Plaintiffs,

       -against-

RUSSIAN KURIER, INC., AKA KURIER INC.
AKA KURIER RUSSIAN WEEKLY NEWSPAPER
OLEG POGREBNOY, SVERDLOV, INC., AKA
SVERDLOV VIDEO, VENIAMIN SVERDLOV,
LINCO PRINTING, JOHN & JANE DOES 1-10

       Defendants,

95 Civ. 2144 (JGK)
Mag. J. (NRB)

**JUDGMENT**

# 99,2334

Doc# 425

--------------------------------------------------------

Upon the motion for fees and expenses dated September 4,
1998, and all the arguments, exhibits, evidence, and testimony
had therein, and the Opinion and Order of the Hon. John G.
Koeltl, U.S.D.J. dated February 1, 1999, and the Memorandum and
Order of the Hon. Naomi Reice Buchwald, U.S.M.J. dated
September 23, 1999, and the Declaration of Julian H. Lowenfeld,
dated September 24, 1999, it is hereby:

    ORDERED, ADJUDGED AND DECREED that:

1. Julian H. Lowenfeld shall have judgment jointly and
severally against plaintiff Argumenty I Fakty (a/k/a Arguments

1

and Facts) and plaintiff Komsomolskaya Pravda in the amount of

$352,726.67 and interest thereto in the amount of $82,113.00,

for a total judgment of $434,840.67.

**SO ORDERED.**

Dated:  New York, New York
this  1st  day of ~~September~~ 1999
             *October*

NAOMI REICE BUCHWALD, U.S.M.J.

JAMES M PARKISON

TO:

Julian H. Lowenfeld, Esq.
767 Third Avenue, 24th Flr.
New York, NY 10017-0203
Attorney pro se

Susan Robbins, Esq.
Miller, Canfield, Paddock, & Stone PLC
1450 Broadway, 41st Floor
New York, NY 10018
Attorneys for Plaintiffs Argumenty I Fakty a/k/a Arguments
and Facts and Komsomolskaya Pravda

Mr. Michael Kolesnichenko
Itar-Tass USA, Inc.
50 Rockefeller Plaza
New York, NY 10020
Agents for Plaintiffs Argumenty I Fakty a/k/a Arguments and
Facts and Komsomolskaya Pravda

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** 10/5/99

2